**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BitCanary, LLC, | ) | |
| Plaintiff, | ) | **ORDER FOR DEFAULT JUDGMENT AND DAMAGES** |
| vs. | ) | |
| Minecore, LLC, et al., | ) | Case No. 3:25-cv-181 |
| Defendants. | ) | |

---

Plaintiff BitCanary, LLC ("BitCanary") filed an amended motion for default judgment. Doc. 26. The motion seeks an order of default judgment against an additional defendant, Saamar Siddiqui ("Siddiqui"), and contains documentation in support of its damage request and motion for attorneys' fees (Doc. 18). For the reasons below, the Court grants Plaintiff's amended motion for default judgment and awards compensatory damages. The Court will address Plaintiff's motion for attorneys' fees (Doc. 18) and supporting documentation (Docs. 26-9; 26-10) in a separate order.

## I. BACKGROUND

BitCanary, a bitcoin mining startup, sued Defendant Minecore, LLC ("MineCore"), Siddiqui, and George Baltes ("Baltes") for unjust enrichment, common law fraud, conversion, and other claims. Doc. 1. BitCanary alleges it purchased over $300,000 worth of bitcoin mining equipment that Defendants claimed they would store and host. Id. at 2. BitCanary states Defendants represented they could provide security for the equipment and "insurance in the event of theft." Id. at 3. BitCanary claims it sent Defendants the equipment and Defendants confirmed receipt of the delivery. Id. BitCanary alleges that Defendants subsequently represented that the equipment had been stolen but refused to pay for the equipment or produce their insurance information. Id. at 4.

BitCanary's complaint was filed on July 29, 2025, and summons were issued the following day. See Docs. 1-2. Defendants had twenty-one days from the date of service to file an answer or otherwise file a responsive motion. See Fed. R. Civ. P. 12(a). Defendants did not respond to the complaint or otherwise appear. The Clerk entered an entry of default for Minecore on December 4, 2025, (Doc. 11) and for Siddiqui on February 12, 2026 (Doc. 21).

In January 2026, BitCanary moved for default judgment against Minecore and requested compensatory damages. Doc. 17. BitCanary also moved for attorneys' fees. Doc. 18. The Court granted BitCanary's motion for default judgment but found BitCanary did not establish its damages to a reasonable degree of certainty. Doc. 25. The Court gave BitCanary an opportunity to supplement the record to establish its damages. Id. at 2-3. BitCanary now moves to amend the default judgment to add Defendant Siddiqui. Doc. 26 at 1. BitCanary's brief also contains supplemental information regarding its requested damages, stating it seeks damages consisting of $343,817.06 for equipment, $41,681.64 for import duties, $2,600 for import fees, $14,775 for a deposit made to Defendants, and $14,755 for a second deposit made to Defendants. BitCanary's requested damages amount to a total of $417.628.70, plus attorneys' fees. Doc. 26-1 at 7.

## II. DISCUSSION

### A. Default Judgment

BitCanary moves for an amended default judgment to include Defendant Siddiqui. Doc. 26. An entry of default from the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment entered by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th

Cir.2004). Where default has been entered, the "allegations of the complaint except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). Here, the Court takes the allegations Plaintiff made in its complaint as true, except for those allegations as to damages, and finds Plaintiff is entitled to default judgment against Defendant Siddiqui.

**B. Compensatory Damages**

The Court previously granted Plaintiffs' motion for default judgment against Minecore but found a discrepancy between total damages and the sum of the various damage categories. Doc. 25 at 2. Further, the Court noted discrepancies between the exhibits and requested damages for equipment and deposits. Id. The Court also stated BitCanary did not offer documentation to support its lost profits damages. Id.

Presently, although BitCanary's total damage calculation appears correct—insofar as the sum of the damage categories equates to the overall damage request—the figures contain a persisting inconsistency. BitCanary seeks $14,775 for the first deposit made to Defendants and $14,755 for the second deposit (Doc. 26-1 at 7), yet the supporting documentation shows both payments were for $14,755. See Docs. 26-3; 26-7; 26-8. The Court thus reduces the overall damage request to $417,608.70 on this basis. As to the other damage categories, the Court finds BitCanary has provided sufficient documentation supporting its equipment and import damages. Lastly, BitCanary provides no documentation on its prior lost profits damages, so the Court declines to award these damages. This brings the total damages award to $417,608.70, plus reasonable attorneys' fees to be determined in a separate order.

## III. CONCLUSION

For the foregoing reasons, BitCanary is awarded $417,608.70 in compensatory damages, plus reasonable attorney's fees in an amount to be determined. BitCanary's amended motion for default judgment against Defendant Siddiqui (Doc. 26) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 9th day of November, 2026.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court