**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| BitCanary, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Minecore, LLC, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER**<br><br>Case No. 3:25-cv-181 |

---

Plaintiff moves for attorney's fees. Doc. 18. For the reasons below, Plaintiff's motion is granted.

## I. BACKGROUND

Plaintiff BitCanary, LLC ("BitCanary") sued Defendant Minecore, LLC ("Minecore"), Saamar Siddiqui ("Siddiqui"), and George Baltes ("Baltes") for unjust enrichment, common law fraud, conversion, and other claims. Doc. 1. Minecore and Siddiqui did not respond to the complaint or otherwise appear. The Clerk filed entries of default against Minecore and Siddiqui on December 4, 2025, and February 12, 2026, respectively. Docs. 11; 21. Plaintiff moved for default judgment against Minecore and Siddiqui. Docs. 17; 26. The Court granted Plaintiff's motion and awarded Plaintiff compensatory damages. Docs. 25; 27. Plaintiff now moves for attorney's fees. Doc. 18.

## II. DISCUSSION

### A. Attorney's Fees

BitCanary seeks $14,423.75 in attorney's fees. Doc. 26. BitCanary supports its request with billing evidence of fees and declarations of counsel. Docs. 26-9; 26-10.

When reviewing requests for fees, trial courts "may take into account their overall sense of a suit and may use estimates in calculating and allocating an attorney's time." Fox v. Vice, 563 U.S. 826, 838 (2011) (citation omitted). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which provides the lodestar figure. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed," making a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary." Id.

**1. Reasonable Hourly Rate**

Plaintiff's counsel states his hourly rate is $525 and that such a rate is reasonable. Doc. 26-9. As the Eighth Circuit has stated:

> [Generally], a reasonable hourly rate is the prevailing market rate, that is, the ordinary rate for similar work in the community where the case has been litigated. The court has great latitude to determine a reasonable hourly rate because it is intimately familiar with its local bar.

Jet Midwest Int. Co., Ltd. v. Jet Midwest Grp., LLC, 93 F.4th 408, 420 (8th Cir. 2024). The Eighth Circuit has also reiterated the Supreme Court's statement that "fees 'are to be calculated according to the prevailing market rates in the relevant community,' not 'the [actual] cost of providing legal services.'" Eggemeyer v. Tidball, 18 F.4th 565, 569 (8th Cir. 2021) (quoting Blum v. Stenson, 465 U.S. 886, 892-895 (1984)).

Plaintiff's counsel argues the rate "is the normal hourly rate charged by like attorneys based on expertise and work experience" and is "customary for performance of similar litigation in the Chicago Metropolitan area." Doc. 26-9 at 2. The Court finds such a rate to be slightly excessive. As counsel is aware, this case has been litigated in North Dakota where the Court is "intimately

familiar with its local bar." See Jet Midwest, 93 F.4th at 408. The Court concludes that a rate of $500 per hour is appropriate here.

### 2. Hours Reasonably Expended

Regarding the hours reasonably expended, the Eighth Circuit recently explained:

> When calculating the lodestar, a district court need not accept counsel's submission of hours as conclusive but should exclude from that total those hours that were not reasonably expended on the litigation.
>
> Although the district court need not explicitly state which hours it finds reasonable, it must at least calculate the hourly rate and the reasonable number of hours worked.

Jet Midwest, 93 F.4th at 420 (citation modified). Specifically, "[t]he district court must 'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" Beckler v. Rent Recovery Sols., LLC, 83 F.4th 693, 695 (8th Cir. 2023) (quoting Hensley, 461 U.S. at 434). It is appropriate to compare the hours expended in this case to the hours expended in similar cases because "[t]he lodestar method is based on the number of hours reasonably expended on the litigation." Id. In making the determination of what hours were reasonably expended, the district court may consider whether the claims at issue were "complex and cutting edge" or "factually and legally straightforward." Id. The district court may also make reductions for time not reasonably spent by using a flat percentage reduction in appropriate cases. Id. at 696.

Plaintiff's counsel submitted itemized billing spreadsheets showing the hours worked in this case and the fees incurred. The spreadsheet lists 24.3 hours billed, in addition to several entries for filing fees and related matters. Doc. 26-10 at 1-4. The Court has examined the billing records and the nature of the work performed and finds that the hours billed are reasonable. Multiplied by the Court's adjusted hourly rate of $500 and adding the fee amounts, this results in a fee award of $13,291.25.

## III. CONCLUSION

For the reasons articulated above, the Court awards Plaintiffs $13,291.25 in attorney's fees and costs. The Clerk of Court is directed to enter default judgment against Minecore and Siddiqui, awarding $417,608.70 in compensatory damages and $13,291.25 in attorney's fees, for a total judgment of $430,899.95. The Court will entertain any notice of dismissal filed with respect to the remaining defendant.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated this 9th day November, 2026.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court